[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15970
Non-Argument Calendar

_____

D.C. Docket No. 04-00071-CV-4-RH-WCS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 17, 2005
THOMAS K. KAHN
CLERK

DAVID MARK BROWN,

Plaintiff-Appellant,

versus

COMCAST CABLEVISION OF TALLAHASSEE,
COMCAST ADVERTISING, et. al,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(June 17, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

David Mark Brown, proceeding pro se, appeals the district court's order

dismissing with prejudice his second amended complaint, alleging claims pursuant

to 18 U.S.C. § 1961, against Comcast, Inc., Comcast Spotlight, Inc., and Chris Des Marais, (collectively, "Comcast"). Brown asserted Comcast had engaged in criminal racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO"), involving acts of mail fraud related to Brown's cable television show, consisting of "false" invoices, a "false" renewal notice, "misdirection of account payments," and a "false notice of contract expiration." In his second amended complaint, Brown further noted that a previous action against Comcast, filed in Florida State Court, No. 2004-CA-000191, ("2004 State Case"), had been dismissed.

The district court found that res judicata barred Brown's present action because: (1) "[t]he predicate acts of mail fraud in [Brown's] allegations for the instant [RICO] claim were alleged as a cause of action for mail fraud in state court"; (2) the Comcast defendants in the present action also were named in the 2004 State Case; and (3) the 2004 State Case was dismissed on the merits. In his brief, Brown frames the issue as whether res judicata applies only to cases that were "actually litigated WITH A HEARING AND COURT TRANSCRIPT AND ACTUAL SERVICE OF PROCESS."

"We review the district court's ruling on a motion to dismiss de novo." Shields v. Bellsouth Advertising and Pub. Co., Inc., 228 F.3d 1284, 1288 (11th Cir. 2000).

2

The barring of a claim on the basis of res judicata is a determination of law, which is reviewed de novo. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Id. A federal court "give[s] preclusive effect to the judgment of a state court provided that two conditions are met: first, that the courts of the state from which the judgment emerged would do so themselves; and second, that the litigants had a 'full and fair opportunity' to litigate their claims and the prior state proceedings otherwise satisfied 'the applicable requirements of due process.'" Shields, 228 F.3d at 1288.

In considering whether to give preclusive effect to a state court judgment, the district court must apply state law. Vazquez v. Metropolitan Dade County, 968 F.2d 1101, 1106 (11th Cir. 1992). "[U]nder Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met: identity of the thing sued for; identity of the cause of action; identity of the parties; and identity of the quality in the person for or against whom the claim is made." Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996). "Florida law defines identity of causes of action as causes sharing similarity of facts essential to both actions." Saboff v. St.

John's River Water Mgmt, Dist., 200 F.3d 1356, 1360 (11th Cir. 2000) (internal quotations and citation omitted).

Because Brown previously filed a state action, which was dismissed with prejudice, (1) against the same parties, (2) based upon the same cause of action, and (3) seeking the same relief, the district court did not err by finding that the present federal action was barred based on res judicata. Accordingly, we affirm its dismissal with prejudice.

**AFFIRMED.**